## EZRA DEANE *vs.* DAVID COFFIN.

An award at common law cannot be impeached, except on the ground of corruption, partiality, or excess of power.

Where the parties to a suit pending in Court, entered into a written agreement, that the defendant should be defaulted, and that judgment should be entered for the amount found due by certain persons named as arbitrators whose decision should be conclusive, and that the defendant should be allowed for any claim in his favor which could have been filed in set-off; *it was held,* that the plaintiff was not entitled to recover a sum in addition to the amount awarded him, on proof that he had paid certain sums for the defendant which had not been taken into consideration by the arbitrators.

*Deane* had brought an action against *Coffin,* and during its pendency in the S. J. Court, the parties made the following agreement. " We agree to and with each other, that *S. S. S., M. D.,*

and *J. W.*, may examine the claim made by *Ezra Deane* against *David Coffin*, and determine how much is due said *Deane*, and that said *Coffin* shall be defaulted in the suit now pending in the S. J. Court for *York* county, of *Dean* v. *Coffin*, and that judgment shall be entered for the sum thus found due, and the costs of reference, and costs of court. And we covenant to and with each other, that the determination of those gentlemen shall be conclusive and final between us in all matters. The said *Coffin* is permitted to file any account in offset as though he had filed the same in Court agreeably to law, and the report of them or a majority of them is to be made to the Court now sitting at *Alfred.* *Ezra Dean.* *David Coffin.*" This agreement was returned into Court with the following thereon, signed by the arbitrators. " The subscribers within named having met the parties, and heard their several pleas and allegations do adjudge that the within named *Deane* recover judgment against the within named *Coffin*, the sum of three hundred forty-two dollars and ninety-five cents, together with costs of Court and costs of reference." The parties had no counsel, and each told his own story before the referees. The case was opened for trial before EMERY J. and the plaintiff was about to prove the payment of certain sums for the defendant, which were not taken into consideration by the referees; but the Judge was of opinion, that the agreement and report were final and conclusive between the parties. The action was defaulted. If this opinion be correct, judgment is to be entered for the amount found due by the referees; and if not the cause is to stand for trial.

*A. G. Goodwin*, for the plaintiff, contended, that the evidence offered was admissible, as the plaintiff was clearly entitled to recover at least, for such demands as were not before the referees. So too if the referees take into the award subjects not submitted, the testimony is admissible, for the whole award is void. He cited *Kyd on Awards*, 114; 7 *East*, 81; 8 *East*, 13; 14 *Johns. R.* 96; 16 *East*, 58; *Bean* v. *Farnam*, 6 *Pick.* 269; *North Yarmouth* v. *Cumberland*, 6 *Greenl.* 21. He contended, that the *decision* in the last case was in his favor. The report, or recommendation, of the gentlemen can be no more than *prima facie* evidence subject to be controlled by other evidence. *Jewett* v. *Cornforth*, 3 *Greenl.* 107; *Eaton* v. *Arnold*, 9 *Mass. R.* 519.

Deane *v.* Coffin.

*D. Goodenow,* for the defendant, said, that the case shew that all demands were submitted, and the referees therefore could not exceed the authority given them. They chose their own tribunal, and managed their case in their own way, and should be bound by the decision. The award covered the whole matter submitted, and it is not pretended, that the referees were guilty of fraud or corruption. The Court cannot recommit the case to the referees for a new hearing; and if the award is good, as it is believed to be, it is entirely conclusive between the parties. It is enough however that each had the opportunity to present his claim to make it conclusive, and it was not proposed to prove that the plaintiff was prevented from doing it. *Tyler* v. *Dyer,* 13 *Maine R.* 41; 1 *Johns. Cas.* 436; 7 *T. R.* 269; *Emery* v. *Goodwin,* 13 *Maine R.* 24; 10 *Wend.* 589. There is no offer to prove, that there was any objection to each party telling his own story, and it must be presumed to have been by mutual consent. *Patten* v. *Hunnewell,* 8 *Greenl.* 21.

The opinion of the Court was by

Weston C. J. — The defendant positively agreed, by writing under his hand, to be defaulted in this action. No suggestion is made, that he was circumvented, or acted under any misapprehension, or that the agreement was not fairly entered into. That something was due from the defendant to the plaintiff, must be understood to have been distinctly admitted. The only matter to be decided by the arbitrators was, for what sum judgment should be rendered in favor of the plaintiff, in which the defendant was to have the benefit of an account in offset.

This not being a submission before a justice under the statute, or by a rule of Court, did not derive its validity from any judicial sanction, nor was it regularly to be submitted to the revision of the Court. The doctrine, deducible from the case of *North Yarmouth* v. *Cumberland,* 6 *Greenl.* 21, and of *Tyler* v. *Dyer,* 13 *Maine R.* 41, is, that an award at common law cannot be impeached, except on the ground of corruption, partiality or excess of power. Nothing of this sort being pretended, the default is to stand and judgment rendered for the amount, liquidated by the award.